UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE-NIGEL BARNETT,<br>Plaintiff(s),<br>-against-<br>M&T BANK CORPORATION, LAKEVIEW LOAN SERVICING, LLC,<br>Defendants. | 26-CV-6805 (LTS)<br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On August 25, 2026, the Court denied Plaintiff's application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. (ECF 7.) The Court directed Plaintiff to pay the filing fee within 30 days. (*Id.*) On August 28, 2026, Plaintiff filed a motion for reconsideration challenging the August 25, 2026 IFP denial order. (ECF 8.) On September 3, 2026, the Court processed payment of the filing fee.

The Court liberally construes this submission as a motion for reconsideration under Local Civil Rule 6.3, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## BACKGROUND

### A. IFP Application in This Action

On August 7, 2026, Plaintiff submitted an Affidavit of Hardship in Support of Application to Proceed Without Prepayment of Fees, which the Court construes as his application to proceed IFP ("IFP application"). (ECF 3.)

In this IFP application, Plaintiff discloses the following monthly income, stating he has no other income (ECF 3 at 2.):

- VA disability: $4,428.10. Plaintiff asserts this is his primary source of income and that it is not taxable. (*Id.*)
- Employment: $14,718.56, gross. (*Id.*)

Plaintiff lists the following as his assets and states that he owns no other assets (*Id.* at 3–4.):

- Real property: appraised at $1,100,000. (*Id.* at 3.) This property is the subject of a foreclosure proceeding, which is the subject of this action. (*Id.*)
- Automobile: approximate current value at $12,000. (*Id.*)
- Bank accounts: $5,000 "across all checking and savings accounts." (*Id.* at 4.)

Plaintiff lists the following monthly expenses:

- Housing: $7,845. (*Id.* at 2.)
- Utilities: $2,000. (*Id.*)
- Food: $1,200. (*Id.* at 3.)
- Transportation: $1,200. (*Id.*)
- Medical, prescriptions, and health insurance premiums: $840. (*Id.*)
- Dependent care and household expenses: $2,520. (*Id.*)

- Education expenses: $500, for son and daughter. (*Id.*)

Based on this data, Plaintiff's gross monthly income is $19,146.66, and has at least $5,000 in bank accounts. Plaintiff's monthly expenses total $16,105.

**B. IFP Status in Other Actions**

Plaintiff discloses that in another of his actions, *Barnett v. James*, No. 26-CV-3048 (JGLC) (S.D.N.Y. filed Apr. 14, 2026), the Court revoked his IFP status. *Id.*, ECF 54, (S.D.N.Y. Jul. 31, 2026). There, the Court noted that Plaintiff had been granted IFP status on April 21, 2026[1] yet Plaintiff paid the $405 filing fee on May 7, 2026. *Id.*, ECF 54, at 2. The Court deemed Plaintiff's payment of the fees as a withdrawal of his application to proceed IFP and accordingly revoked his IFP status.[2] *Id.* (citing 28 U.S.C. § 1915(a)(1)).

**C. Plaintiff Pays Filing Fees in this Action**

By order dated August 25, 2026, the Court denied Plaintiff leave to proceed IFP, finding that Plaintiff has sufficient assets to pay the fees. (ECF 7.) Then, on August 28, 2026, Plaintiff moved the Court to reconsider the denial of IFP status. (ECF 8.) As a form of alternative relief, Plaintiff asked to be allowed to pay the filing fee in installments. (*Id.*)

While Plaintiff's motion for reconsideration was pending, on or around September 3, 2026, Plaintiff paid the filing fees in full.

[1] The Court notes that in *James*, Plaintiff had submitted an Affidavit of Hardship and Damages dated April 13, 2026. (*James*, No. 26-CV-3048, ECF 3.) In that affidavit, Plaintiff stated that his total monthly income from all sources is approximately $6.900, that his rent or mortgage is $2,250, and that other necessary monthly expenses total approximately $3,000. (*Id.*) Plaintiff also stated that he has "almost no saving and no other valuable assets." (*Id.*) This data differs significantly from the data disclosed in the IFP application for this action.

[2] In *James*, the Court also noted that Plaintiff had paid the filing fees to commence two other civil actions in this District. *Id.* (citing *Barnett v. Stewart*, No. 26-CV-107 (JGLC) (S.D.N.Y. Jan. 15, 2026); *Barnett v. Acker*, 25-CV-6174 (CS) (S.D.N.Y. Aug. 11, 2025)).

## DISCUSSION

### A. Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the denied IFP application. Plaintiff states that his gross[3] monthly income comprises VA disability benefits of $4,428.10 and employment income of $14,718.56; these amounts total $19,146.66. Plaintiff has $5,000 across his bank accounts. His monthly expenses total $16,105. His expenses do not exceed his income and assets. The Court properly

[3] The Court's IFP Application form asks for gross income information, as does the Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) asks for both gross pay and take-home pay.

found that Plaintiff has sufficient funds to pay the filing fees. Indeed, by paying the filing fees in this action, as in *James*, he has shown that he has sufficient funds to pay the filing fees.

Plaintiff misplaces reliance on *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948) and on *Potnick v. Eastern State Hospital*, 701 F,2d 243 (2d Cir. 1983). In *Adkins*, the district court had denied plaintiff's application to proceed IFP to appeal the dismissal of her complaint because other plaintiffs had not sought IFP status and because the plaintiff was counseled. 335 U.S. at 333–34 (the district court had opined that plaintiff could proceed IFP on appeal if her "lawyers either prepaid the costs, gave security for costs or filed an affidavit of their poverty along with petitioner and all other claimants"). The *Adkins* court vacated the denial of IFP status, concluding that "[i]t was error to deny [the plaintiff's] motion . . . under the statute on the ground that her lawyers had not made satisfactory affidavits of poverty. The statute requires no affidavit at all from them as a condition of appeal." *Id.* at 344. In other words, IFP status in *Adkins* was not denied based on plaintiff's affidavit of poverty. In *Adkins*, the costs of the appeal was approximately $4,000; her house, which she inherited, was appraised at $3,450, and her sole source of income was renting parts of that house; the plaintiff relied on that rental income "to purchase the necessities of life." *Id.* at 334. Plaintiff's IFP application is thus not comparable: in *Adkins* the appeal costs exceeded the value of the plaintiff's assets. The *Potnick* plaintiff's IFP application is distinct, too. In *Potnick*, the filing fee was $60, which represented approximately 21% of the plaintiff's funds: public benefits totaling $222, and a checking account with $59.77. 701 F.2d at 244. The *Potnick* plaintiff also carried debt that far exceeded his assets; he owed $3,600 on a car, and over $10,000 in medical bills. *Id.*

The Plaintiff has failed to show that Court overlooked any controlling decisions or factual matters. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B. Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reasons previously discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C. Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 8) is denied. The Clerk of Court is directed to terminate that motion in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge