USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE-NIGEL BARNETT,

Plaintiff,

-against-

M&T BANK CORPORATION et al,

Defendants.

No. 26-CV-6805 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Andre-Nigel Barnett ("Plaintiff") asserts claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X; violations of the Truth in Lending Act ("TILA"); fraud in the inducement; violations of federal veterans' lending protections; violations of New York's foreclosure notice requirements; attorney deceit and fraud on the court; and conspiracy under 42 U.S.C. § 1985(3). (ECF No. 21, Amended Complaint.) Before the Court is Plaintiff's motion for reconsideration of the Court's October 1, 2026 order, which denied Plaintiff's application for a Temporary Restraining Order ("TRO") without prejudice. (ECF Nos. 24, 28.)[1] For the reasons set forth below, the Court DENIES Plaintiff's motion for reconsideration.

[1] Although the Court considered the arguments presented in Plaintiff's memorandum of law, Plaintiff's submission does not comply with the Court's Individual Rules. The Court's Individual Rules provide that, "[u]nless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages," must be "double-spaced," and, if ten pages or longer, must contain both a table of contents and a table of authorities. *See* Judge Román Indiv. R. 3.B. Plaintiff's memorandum, which is single-spaced, exceeds the 25-page limit when properly double-spaced. It also contains neither the required table of contents nor table of authorities. Plaintiff is directed to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's Individual Rules and Practices for any future filings.

## BACKGROUND

This action arises out of the foreclosure of Plaintiff's home, located at 15 Sodom Road, Hyde Park, New York 12538, pursuant to a Judgment of Foreclosure and Sale entered in New York Supreme Court, Dutchess County (the "Dutchess County Foreclosure Judgment"). (ECF No. 21.) Plaintiff commenced this action on August 7, 2026, against M&T Bank Corporation and Lakeview Loan Servicing, LLC. (*See* ECF No. 1.) On September 23, 2026, Plaintiff amended the Complaint, adding Roach & Lin, P.C., Shu Chen, Esq., Rene F. Jones, Darren J. King, Barry Coffin, James Bancroft, Joseph Otting, Craig Gifford, and John/Jane Does 1-20 as Defendants. (*See* ECF No. 21.) Plaintiff asserts claims for violations of RESPA and Regulation X; violations of TILA; fraud in the inducement; violations of federal veterans' lending protections; violations of New York's foreclosure notice requirements; attorney deceit and fraud on the court; and conspiracy under 42 U.S.C. § 1985(3). (*Id.*) On September 23, 2026, Plaintiff filed a motion seeking a TRO to immediately stay "the [Dutchess County Foreclosure Judgment]; . . . any scheduled, noticed, advertised, or contemplated foreclosure sale of 15 Sodom Road, Hyde Park, New York 12538; and . . . any other execution or enforcement action on the [Dutchess County Foreclosure Judgment], pending resolution of this federal action." (ECF No. 16 at 19.) On October 1, 2026, this Court denied Plaintiff's motion for a TRO on the basis that Plaintiff's requested emergency relief would require this Court to review and invalidate the state-court foreclosure order, and therefore the Court lacked jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 24.)

On October 2, 2026, Plaintiff filed a motion for reconsideration of the Court's October 1, 2026 Order. (ECF No. 28.) On October 5, 2026, the Court directed Defendants to respond to Plaintiff's motion by October 13, 2026. (ECF No. 32.) Defendants did not file a response to the motion, but on October 14, 2026, Defendants M&T Bank and Lakeview Loan Servicing filed a

letter stating that there is no proof of proper service of the pleadings and the motions upon the Defendants. (ECF No. 34.)

**LEGAL STANDARD**

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP,* 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)

Importantly, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) ("On such a [reconsideration motion], a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Generally, these motions "'will [ ] be denied unless the moving party can point to

controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

**DISCUSSION**

In his motion for reconsideration, Plaintiff contends that reconsideration is warranted because the Court misapplied the *Rooker-Feldman* doctrine. (ECF No. 28 at 17.) Specifically, Plaintiff argues that the Court failed to separately address each of the four requirements articulated in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), and overlooked language in *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014). (*Id.* at 16-17.) Neither argument warrants reconsideration.

*Rooker-Feldman* applies when: (1) the federal court plaintiff "lost in state court;" (2) that plaintiff complains of injuries "from a state-court judgment;" (3) the plaintiff invites "federal-court review and rejection of the state-court judgment;" and (4) the state-court judgment was rendered before the federal case was initiated. *Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *see also Exxon Mobil*, 544 U.S. at 284. Although the Court did not separately discuss each requirement in its October 1, 2026 Order, for completeness, the Court does so now.

First, Plaintiff lost in state court. The New York Supreme Court, Dutchess County entered a Judgment of Foreclosure and Sale on Plaintiff's property. (ECF No. 16 at 31.) Second, Plaintiff's injury is caused by the state-court judgment. The foreclosure sale and loss of Plaintiff's home—the harms Plaintiff asks this Court to prevent through his emergency application—flow from the Judgment of Foreclosure and Sale authorizing that foreclosure.[2] (*Id.* at 19.) Third, Plaintiff asks this Court to stay the Dutchess County Foreclosure Judgment and prohibit any execution or

[2] In his motion for reconsideration, Plaintiff argues that the relevant injury is Defendants' alleged violation of RESPA's prohibition on "dual tracking," which Plaintiff alleges was confirmed by events on October 1, 2026. (ECF No. 28 at 17.) That argument conflates the injury underlying Plaintiff's RESPA claim with the injury for which he seeks emergency relief.

enforcement of that judgment. (*Id.*) Granting that relief would therefore require this Court to prevent enforcement of the state court's judgment. Fourth, the Dutchess County Foreclosure Judgment was entered on May 26, 2026, before Plaintiff commenced this federal action on August 7, 2026. (*Compare* ECF 16 at 31 *with* ECF 1.) Accordingly, all four *Rooker-Feldman* requirements are satisfied as to Plaintiff's application for a TRO.

Plaintiff also contends that the Court selectively quoted *Vossbrinck*, 773 F.3d 423 (2d Cir. 2014), purportedly omitting the "second half" of a sentence stating that "[a] plaintiff may bring a claim in federal court alleging that a defendant violated federal law in the process of obtaining the state court judgment, and seek damages for those violations." (ECF No. 28 at 16-17.) That language, however, does not appear in *Vossbrinck*.[3] Even if Plaintiff could identify authority to that effect, that proposition only highlights the flaw underlying his reconsideration arguments: Plaintiff conflates the viability of his independent federal claims with his entitlement to the emergency relief previously denied. The Court's October 1 Order did not determine whether Plaintiff may pursue independent claims under TILA or RESPA. The Court merely determined that it could not grant the emergency relief Plaintiff requested—an order staying enforcement of the Dutchess County Foreclosure Judgment. Indeed, the distinction recognized in *Vossbrinck* turns on precisely this point: a claim seeking damages for injuries that can be adjudicated without reviewing the state-court judgment is different from a request for relief that would require the federal court to interfere with the state-court judgment. *See id.* at 427–28. Thus, the existence of viable federal claims does not provide a basis for reconsideration of the Court's denial of Plaintiff's TRO seeking a stay of the Dutchess County Foreclosure Judgment.

[3] The Court instructs Plaintiff to review this Court's Individual Rule 7.A governing the use of Artificial Intelligence in motion papers.

Plaintiff has otherwise failed to identify any intervening change in controlling law, newly available evidence, or clear error of law or fact warranting reconsideration of the Court's October 1, 2026 Order. Even assuming that the events of October 1, 2026 constitute newly available evidence, they concern the merits of Plaintiff's underlying claims and do not alter the Court's determination that it cannot grant the emergency relief requested.

**CONCLUSION**

For the reasons stated above, and adhering to its prior Opinion and Order, the Court concludes that Plaintiff's application for a temporary restraining order seeks relief that would require this Court to review and invalidate a state-court foreclosure order. The *Rooker-Feldman* doctrine therefore deprives the Court of subject-matter jurisdiction, and Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motions at 28 and 29. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF and show service on the docket.

Dated: October 26, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge