USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE-NIGEL BARNETT,

Plaintiff,

-against-

M&T BANK CORPORATION et al,

Defendants.

No. 26-CV-6805 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of Defendant M&T Bank Corporation ("Defendant M&T Bank") and Defendant Lakeview Loan Servicing's ("Defendant Lakeview") letter asserting that "there is no proof of proper service of the pleadings and the motions upon the Defendants." (ECF No. 34.) The Court is also in receipt of Plaintiff's letters stating that "proof of service of both [Defendant] M&T Bank [ ] and [Defendant] Lakeview [ ] is now on the docket." (ECF No. 35.)

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation in accordance with the law of the state where the district court is located or where service is made. Under New York law, personal service upon a corporation may be effected by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Under Florida law, a corporation may be served through its designated registered agent. Fla. Stat. § 48.062(2). Accordingly, the Court must determine not only if process was delivered, but also if process was delivered to an authorized person under the applicable state law.

Plaintiff contends that Defendant M&T Bank was personally served on September 23, 2026, by an Erie County sheriff upon an assistant branch manager. (ECF No. 36 at 1.) Plaintiff further contends that Defendant Lakeview was personally served on September 24, 2026, by a Leon County sheriff upon a representative of its registered agent. (*Id.*) However, Plaintiff has not provided adequate proof of such service. Federal Rule of Civil Procedure Rule 4(l)(1) requires that proof of service be made to the Court and that such proof be established by the process server's affidavit. Plaintiff's representations regarding the purported service, without the corresponding affidavits, are insufficient to establish that service was properly effected. Nevertheless, Rule 4(l)(3) expressly provides that "[f]ailure to prove service does not affect the validity of service" and that "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). Accordingly, the Court will afford Plaintiff an opportunity to cure the deficiencies in his proof of service.

Plaintiff represents that he previously submitted the two law enforcement returns of service to the Court's Pro Se Intake Unit. (ECF No. 37.) However, the Pro Se Intake Unit has advised the Court that it has not received these documents. Plaintiff is therefore directed to submit copies of the Erie County Sheriff's Certificate of Service and the Leon County Sheriff's Return of Service to the Court within twenty-one days (21) days of this Order, so that the Court may evaluate whether service was properly effected on Defendant M&T Bank and Defendant Lakeview.

Dated: October 26, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge