**IN THE UNITED STATES DISTRICT COURT**

Sitting in the capacity of an Article III Court

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDRE-NIGEL BARNETT,<br>Plaintiff-Petitioner,<br><br>v.<br><br>M&T BANK CORPORATION; LAKEVIEW LOAN SERVICING, LLC;<br>FLAGSTAR BANK, N.A.; ROACH & LIN, P.C.; SHU CHEN, ESQ.;<br>RENE F. JONES; DARREN J. KING; BARRY COFFIN; JAMES BANCROFT;<br>JOSEPH OTTING; CRAIG GIFFORD; JOHN DOES 1–20,<br>Defendants-Respondents. | Case No. 7:26-cv-06805-NSR<br><br>Hon. Nelson Stephen Román<br>Referred: Mag. Judge Victoria Reznik |

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 11/05/2026

**PLAINTIFF-PETITIONER'S MOTION FOR MANDATORY DISQUALIFICATION AND RECUSAL OF HON. NELSON STEPHEN ROMÁN; VACATUR OF ALL ORDERS ISSUED BY HIM AS VOID AB INITIO; AND REASSIGNMENT TO AN UNCONFLICTED JUDGE**

FILED BY: Andre-Nigel Barnett, Self-Governed (Coming without the BAR)

## PRELIMINARY STATEMENT

Andre-Nigel Barnett, Self-Governed (Coming without the BAR), moves this Court for the mandatory disqualification and recusal of District Judge Nelson Stephen Román by the authority vested by 28 U.S.C. §§ 144, 455(a), 455(b)(1), 455(b)(5)(i), and the Due Process Clause of the Fifth Amendment to the Constitution of the United States of America.

The ground is structural and jurisdictional. District Judge Jessica G.L. Clarke — who exercises or has exercised administrative and judicial authority within the Southern District in matters involving this Plaintiff — is a void judicial officer by mandatory operation of 28 U.S.C. § 455. A void judge holds no judicial power. She cannot delegate what she does not possess. The maxim is unambiguous: *nemo dat quod non*

Defendants are instructed to respond to Plaintiff's letter by November 13. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 52 and to mail a copy of this order to Pro se plaintiff at the address listed on ECF.

Dated: November 5, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

*habet.* Any assignment of this proceeding that traces through any act, referral, coordination, or administrative exercise of authority by Judge Clarke is void at its source. Judge Román's jurisdiction in this matter must be examined against that standard. The administrative record of the assignment has not been produced. Until it is, the tainted chain cannot be excluded. Until it is excluded, recusal is required.

Independently, the same corporate defendant — M&T Bank Corporation — now appears before Judge Román for the second time in this District in a matter involving a residential mortgage foreclosure dispute. The repeat assignment of the same corporate defendant to the same judge, without disclosure, presents an independent appearance of partiality that 28 U.S.C. § 455(a) commands be remedied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**1.** Andre-Nigel Barnett, Self-Governed, commenced this civil action in Case No. 7:26-cv-06805-NSR asserting claims arising from unlawful mortgage foreclosure conduct, RESPA and TILA violations, civil rights violations, and related claims against M&T Bank Corporation, Lakeview Loan Servicing LLC, Flagstar Bank N.A., Roach & Lin P.C., and associated individual and corporate defendants.

**2.** District Judge Jessica G.L. Clarke is and has been the assigned district judge in two other actions in this District in which Plaintiff-Petitioner is a party: Case No. 7:26-cv-03048-JGLC and Case No. 7:26-cv-00107-JGLC. In both of those cases, Judge Clarke is a void judicial officer by the mandatory operation of 28 U.S.C. § 455, by reason of her prior employment as a direct subordinate attorney within the New York State Office of the Attorney General — the office then and now headed by named party Letitia Ann James. This is the subject of Plaintiff-Petitioner's separately filed Motion for Mandatory Disqualification and Recusal of Judge Clarke, filed this date in Case No. 7:26-cv-03048-JGLC.

**3.** Because Judge Clarke is void, every order she has entered in those proceedings is void ab initio for want of judicial authority. A void judge possesses no judicial power. She cannot refer, delegate, coordinate, or otherwise transmit jurisdiction she does not hold. *Nemo dat quod non habet.* A void act confers nothing.

**4.** The Southern District of New York employs case assignment procedures, including related-case designation procedures under Local Civil Rule 13, under which a case may be assigned to a particular judge by reason of its relationship to a matter already pending before that judge, and under which the administrative authority of the Chief Judge may be exercised over assignments.

Any such assignment that traces through any act by Judge Clarke — who has no judicial power — is void.

**5.** The administrative record disclosing how Case No. 7:26-cv-06805-NSR came to be assigned to Judge Román, including whether any void act by Judge Clarke touched or influenced that assignment, has not been produced and is not part of the public docket. Until that record is disclosed, Plaintiff-Petitioner cannot establish whether Judge Román's jurisdiction derives from a clean and valid chain of authority or from a chain contaminated by the void acts of a disqualified judge.

**6.** M&T Bank Corporation appeared before Judge Román as a named defendant in a prior proceeding in this District: *Sandel v. M&T Bank Corporation,* Case No. 7:26-cv-03967. M&T Bank Corporation is the principal defendant in the present action. No disclosure has been made regarding Judge Román's prior presiding relationship with M&T Bank Corporation in connection with the current assignment.

**7.** At ECF No. 24, Judge Román denied Plaintiff-Petitioner's motion for emergency relief on jurisdictional grounds. At ECF No. 44, the Court entered an order that effectively superseded and abrogated the jurisdictional determination invoked at ECF No. 24. Plaintiff-Petitioner was denied emergency relief on a jurisdictional basis that the Court itself later abandoned. If Judge Román acts without valid jurisdiction, every order he has entered in this proceeding — including ECF No. 24 and ECF No. 44 — is void ab initio.

## ARGUMENT

### I. A VOID JUDICIAL OFFICER CANNOT DELEGATE JURISDICTION. ANY ASSIGNMENT DERIVING FROM JUDGE CLARKE'S VOID ACTS IS ITSELF VOID.

28 U.S.C. § 455 is language of command, not discretion. It provides that a judicial officer "shall disqualify himself" in any proceeding in which the disqualifying conditions are present. The word "shall" is not permissive. When the conditions exist, the disqualification is automatic, self-executing, and effective from the moment the disqualifying condition arose — not from the moment it is discovered, not from the moment a motion is filed.

Judge Clarke's disqualifying condition — her prior subordinate employment under named party AG James — existed before any of these cases were assigned to her.

That condition has been established of record in Plaintiff-Petitioner's separately filed Motion for Mandatory Disqualification, filed this date in Case No. 7:26-cv-03048-JGLC, and incorporated herein by reference. Judge Clarke was void from the first day of each assignment. Every act she took in connection with any proceeding involving Plaintiff-Petitioner was taken without judicial authority.

The law governing void judicial acts is clear: a judgment rendered by a court in which the presiding judge was disqualified by mandatory statute is a nullity. It may be challenged at any time. It binds no one. It may not be enforced. These principles flow from the basic structural command that judicial power belongs only to an officer authorized to exercise it. A judge who is commanded by statute to step aside has no such authorization.

From this it follows, with equal logical force, that a void judge cannot delegate jurisdiction. She cannot refer. She cannot coordinate. She cannot, through any administrative act — a related-case designation, a communication to the Chief Judge's office, a scheduling conference, a motion ruling that cross-references another docket — confer upon another judicial officer the authority she herself does not possess. *Nemo dat quod non habet.* No one gives what he does not have. This maxim is not a procedural technicality; it is the foundational principle of jurisdictional law.

The question this Motion presents is whether the assignment of Case No. 7:26-cv-06805-NSR to Judge Román traces, in whole or in part, through any act by Judge Clarke. The Southern District's related-case procedures and the Chief Judge's administrative assignment authority create multiple pathways through which a void judge's acts can infect the assignment of a related proceeding. None of those pathways has been disclosed. The administrative record has not been produced.

This Court cannot self-certify that its own assignment was valid. The disclosure must come from the administrative record. Plaintiff-Petitioner is entitled to that record. The demand for it is set forth in the relief section of this Motion.

## II. THE UNDISCLOSED REPEAT ASSIGNMENT OF M&T BANK CORPORATION TO THE SAME JUDGE PRESENTS AN INDEPENDENT GROUND UNDER 28 U.S.C. § 455(a).

28 U.S.C. § 455(a) commands disqualification when a judicial officer's impartiality "might reasonably be questioned." The standard is objective: would a reasonable person, fully informed of the relevant circumstances, question whether the proceedings before that judge can be impartially conducted? The inquiry does not

require proof of actual bias. It requires only that the reasonable person's answer to the question is yes.

M&T Bank Corporation appeared before Judge Román as a named defendant in *Sandel v. M&T Bank Corporation,* Case No. 7:26-cv-03967, a prior proceeding in this District. M&T Bank Corporation is the principal defendant in the present action, Case No. 7:26-cv-06805-NSR. The same judge. The same corporate defendant. Two separate proceedings. No disclosure.

A reasonable person who learns that the same large financial institution has appeared before the same district judge in multiple proceedings, without any disclosure by that judge of the prior presiding relationship, would question whether the court's institutional familiarity with that defendant influences the conduct of the current proceeding. The § 455(a) standard does not demand certainty of influence; it demands only the reasonable possibility of a question. That question exists here and has not been answered by any disclosure.

## III. ALL ORDERS ENTERED BY JUDGE ROMÁN IN THIS PROCEEDING ARE VOID AB INITIO IF HIS AUTHORITY DERIVES FROM A VOID CHAIN.

*Quod ab initio non valet in tractu temporis non convalescit.* What is void from the beginning does not become valid through the passage of time. If the assignment of Case No. 7:26-cv-06805-NSR to Judge Román traces through a void act by Judge Clarke, then Judge Román has been presiding without valid judicial authority from the first day of this proceeding. Every order he has entered is a nullity.

The specific orders at issue are not background entries. ECF No. 24 denied Plaintiff-Petitioner emergency relief on jurisdictional grounds. ECF No. 44 superseded and abrogated that jurisdictional ruling. A court does not abandon its own jurisdictional determination without cause; the sequence reveals that the original denial was untenable. Plaintiff-Petitioner was denied emergency relief on a ground the court later found it could not sustain. Every scheduling order, every extension granted to defendants, every case management directive — if entered without authority — is void.

The void does not cure itself. The Court cannot, by continuing to issue orders, retroactively validate the authority under which it acts. The only remedy is recusal, disclosure of the administrative record, and reassignment to a judge whose authority derives from a clean, documented, and untainted chain.

## IV. THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT INDEPENDENTLY REQUIRES DISQUALIFICATION.

The Due Process Clause of the Fifth Amendment requires, as its irreducible minimum, adjudication by an impartial tribunal. Where the mechanism of assignment is itself compromised by the undisclosed void acts of a disqualified officer, and where the same corporate defendant appears repeatedly before the same judge without disclosure, the constitutional guarantee of impartial adjudication is not satisfied. No harmless error analysis applies to a structural constitutional violation of this character. The only remedy is recusal and reassignment.

## RELIEF DEMANDED

Plaintiff-Petitioner respectfully demands the following relief:

1. An order of mandatory disqualification and recusal of District Judge Nelson Stephen Román from Case No. 7:26-cv-06805-NSR by the authority of 28 U.S.C. §§ 144, 455(a), 455(b)(1), 455(b)(5)(i), and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

2. An order requiring the production and docketing of the complete administrative record of the assignment of Case No. 7:26-cv-06805-NSR to Judge Román, including identification of every officer who exercised discretion in that assignment, every communication or coordination between the assigning authority and any judicial officer presiding over any related matter involving Plaintiff-Petitioner, and all professional and institutional associations between the assigning authority and any named party or counsel of record.

3. A declaration of record that every order entered by Judge Nelson Stephen Román in Case No. 7:26-cv-06805-NSR — from ECF No. 1 through the present — is void ab initio for want of judicial authority, to the extent that the administrative record discloses that the assignment of this matter derives from or was influenced by any void act of the disqualified District Judge Jessica G.L. Clarke.

4. Vacatur of every order issued by Judge Román in this proceeding, including ECF No. 24 and ECF No. 44, as void ab initio and as derivative acts of an officer acting without valid judicial authority.

5. Reassignment of this matter to a District Judge who has no prior employment, financial, professional, or personal relationship with any named party, with the Office of the Attorney General of the State of New York, with M&T Bank

Corporation or any affiliated entity, and with any attorney of record in this proceeding.

6. An order holding in abeyance all pending deadlines in this proceeding pending the disclosure of the administrative assignment record and the disposition of this Motion.

7. Such other and further relief as the Article III Court shall determine to be just, proper, and compelled by law.

Respectfully submitted,

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098
trustees@anb-trust.com

Dated: October 29, 2026

SERVICE: First Class Postage Prepaid

**CERTIFICATE OF GOOD FAITH IN SUPPORT OF AFFIDAVIT OF BIAS FILED BY SELF-GOVERNED PETITIONER BY THE AUTHORITY OF 28 U.S.C. § 144**

I, Andre-Nigel Barnett, Self-Governed (Coming without the BAR), appearing in propria persona in the capacity of a self-governed party, hereby certify that the accompanying Affidavit of Bias is made in good faith and not for the purpose of delay. The facts stated therein are true and accurate to the best of my knowledge, information, and belief, and the affidavit is timely filed before Judge Román has fully disposed of this case.

I make this certification cognizant that 28 U.S.C. § 144 contemplates a certificate by "counsel of record." As a self-governed party appearing without counsel by right, I submit this certificate by my own hand as the party most directly injured by the structural jurisdictional defect described herein and as the only individual in a position to certify the good-faith basis for the accompanying affidavit.

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(845) 251-2098
trustees@anb-trust.com

**DECLARATION OF PERSONAL BIAS BY THE AUTHORITY OF 28 U.S.C. § 144**

**IN THE UNITED STATES DISTRICT COURT**

Sitting in the capacity of an Article III Court

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Case No. 7:26-cv-06805-NSR

I, Andre-Nigel Barnett, Self-Governed (Coming without the BAR), being of sound mind, depose and state as follows:

**1.** I am Plaintiff-Petitioner in the above-captioned action. I appear Self-Governed (Coming without the BAR) and make this Declaration from personal knowledge and from facts of public record subject to judicial notice.

**2.** I have good reason to believe, and do believe, that District Judge Nelson Stephen Román, the District Judge assigned to this proceeding, sits without valid judicial authority in this matter by reason of the structural jurisdictional defect described herein, and that his continued presiding presents a personal bias against fair adjudication within the meaning of 28 U.S.C. §§ 144 and 455.

**3.** District Judge Jessica G.L. Clarke is a void judicial officer in all proceedings involving me as a party. Her disqualifying employment relationship with named defendant AG Letitia James — her former employer and supervising principal — is documented by public record and is the subject of a separately filed Motion for Mandatory Disqualification in Case No. 7:26-cv-03048-JGLC, filed this same date. I incorporate that record herein by reference.

**4.** A void judge possesses no judicial power. She cannot confer jurisdiction upon another officer through referral, coordination, related-case designation, or any other administrative act. *Nemo dat quod non habet.* If any act by Judge Clarke touched or influenced the assignment of Case No. 7:26-cv-06805-NSR to Judge Román, that assignment derives from a void source and is itself void.

**5.** The administrative record of the assignment of this case has not been produced. I cannot, from the public docket, determine with certainty the precise mechanism by which this matter was assigned to Judge Román. I know that Judge Clarke presides over two other related matters involving me as a party in this District. I know that the Southern District's related-case and administrative assignment procedures create pathways through which one judge's acts can influence the

assignment of a related proceeding. I have demanded production of the administrative record to resolve this question.

6. I have personal knowledge that M&T Bank Corporation, the principal defendant in this action, previously appeared before Judge Román as a named defendant in Sandel v. M&T Bank Corporation, Case No. 7:26-cv-03967. No disclosure of this prior presiding relationship has been made by Judge Román upon assignment of the present matter.

7. At ECF No. 24, Judge Román denied my motion for emergency relief invoking a jurisdictional bar. At ECF No. 44, the Court entered an order that superseded and abrogated that jurisdictional determination. I was denied emergency relief on a ground the Court later found it could not sustain. That sequence of events, against the background of the structural jurisdictional defect described herein, supports my good-faith belief that Judge Román's presiding over this matter cannot produce fair adjudication.

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098
trustees@anb-trust.com

Dated: October 29, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 7:26-cv-06805-NSR**

Hon. Nelson Stephen Román, U.S.D.J.

---

ANDRE-NIGEL BARNETT, Plaintiff-Petitioner,

v.

M&T BANK CORPORATION, et al., Defendants.

---

# EXHIBIT A

## PLAINTIFF-PETITIONER'S MOTION FOR MANDATORY DISQUALIFICATION AND RECUSAL OF HON. JESSICA G.L. CLARKE PURSUANT TO 28 U.S.C. §§ 144 AND 455 (FILED OCTOBER 29, 2026)

As Filed in Case No. 7:26-cv-03048-JGLC

### DESCRIPTION OF EXHIBIT

This Exhibit A consists of the Motion for Mandatory Disqualification and Recusal of the Honorable Jessica G.L. Clarke, filed by Plaintiff-Petitioner Andre-Nigel Barnett on October 29, 2026, in the United States District Court for the Southern District of New York, Case No. 7:26-cv-03048-JGLC, with accompanying Certificate of Good Faith and Declaration of Personal Bias filed by authority of 28 U.S.C. §§ 144 and 455.

### RELEVANCE TO THIS MOTION

Judge Clarke's disqualification is the predicate fact upon which this Motion rests. The primary ground for disqualification of Judge Román is that any authority he holds in this case traces derivatively through Judge Clarke, who was and remains void ab initio by operation of 28 U.S.C. § 455 and the Griggs divestiture doctrine. Under the maxim nemo dat quod non habet

Case 7:26-cv-06805-NSR Document 52 Filed 10/29/26 Page 12 of 20

— no one gives what he does not have — a void judge cannot convey jurisdiction she does not possess. The filing of this motion in Case No. 7:26-cv-03048-JGLC formally places Judge Clarke's void status before the Court of record.

## FILING INFORMATION

| | |
|---|---|
| **Court:** | United States District Court, S.D.N.Y. |
| **Case No.:** | 7:26-cv-03048-JGLC |
| **Filed:** | October 29, 2026 |
| **Filed By:** | Andre-Nigel Barnett, Plaintiff-Petitioner |
| **Statutes Invoked:** | 28 U.S.C. §§ 144 and 455 |
| **Pages:** | 21 |

The filed Clarke recusal motion follows on the pages immediately below.

---

IN THE UNITED STATES DISTRICT COURT

Sitting in the capacity of an Article III Court

FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDRE-NIGEL BARNETT,

Plaintiff-Petitioner,

v. Case No. 7:26-cv-03048 (JGLC)(JCM)

LETITIA JAMES, in her official capacity as Attorney General of the State of New York, et al.,

Defendants-Respondents.

**PLAINTIFF-PETITIONER'S MOTION FOR MANDATORY DISQUALIFICATION AND RECUSAL OF HON. JESSICA G.L. CLARKE AND MAGISTRATE JUDGE JUDITH C. McCARTHY; VACATUR OF ALL ORDERS ISSUED BY EACH; REASSIGNMENT; AND ABEYANCE OF ALL PENDING DEADLINES**

FILED BY: Andre-Nigel Barnett, Self-Governed (Coming without the BAR)

## PRELIMINARY STATEMENT

Andre-Nigel Barnett, Self-Governed (Coming without the BAR), respectfully, through good faith, moves this Court for the mandatory disqualification and recusal of District Judge Jessica G.L. Clarke and Magistrate Judge Judith C. McCarthy by the authority vested in the Court through 28 U.S.C. §§ 144, 455(a), 455(b)(1), 455(b)(5)(i), and 455(e), and by the Due Process Clause of the Fifth Amendment to the Constitution of the United States of America.

The grounds are simple, unambiguous, and compelled by statute: Judge Clarke served as a direct subordinate of Defendant Letitia Ann James — an individually named party to this action — within the New York Attorney General's Office, a fact that is documented in Judge Clarke's own Senate Judiciary Committee Questionnaire and that Judge Clarke did not disclose upon assignment to this case. That prior employment relationship, standing alone, mandates disqualification by the express terms of 28 U.S.C. § 455. No analysis of the merits of any order is required.

Because Magistrate Judge McCarthy's authority to act in this case derives entirely from Judge Clarke's referral orders — referral orders which are void ab initio for want of a disqualified judge's authority — all orders issued by Magistrate Judge McCarthy are likewise void as derivative products of a disqualified judicial officer's acts.

The breadth of prejudice demonstrated on this docket, documented by Judge Clarke's own written orders, confirms what the employment relationship compels: disqualification is not merely appropriate; it is mandatory.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Andre-Nigel Barnett, Self-Governed (Coming without the BAR), commenced this civil rights action on or about March 26, 2026, arising from the unconstitutional conduct of law enforcement officers and state actors in the Town of Hyde Park, Town of Rhinebeck, and related jurisdictions, in violation of rights secured by the Constitution of the United States.

2. Named as a defendant in this action is Letitia Ann James, in her official capacity as Attorney General of the State of New York ("AG James"). AG James is also named in Plaintiff-Petitioner's Second Amended Complaint in connection with the constitutional violations at issue.

3. Judge Jessica G.L. Clarke was confirmed to the United States District Court for the Southern District of New York on or about December 2022. Prior to her confirmation, Judge Clarke served as an Assistant Attorney General within the New York State Office of the Attorney General — the precise office which AG James now heads. This employment relationship is documented in Judge Clarke's Senate Judiciary Committee Questionnaire ("SJC Questionnaire"), which is a public record subject to mandatory judicial notice by the authority of Rule 201 of the Federal Rules of Evidence.

4. At no time upon assignment of this case to Judge Clarke did Judge Clarke disclose her prior employment as a subordinate attorney within the Office of the Attorney General of the State of New York — the office headed by named defendant AG James. No disclosure was made. No waiver was solicited. No waiver was given. The disqualifying interest was concealed.

5. On or about March 16, 2023, AG James published the following statement on the social media platform X (formerly Twitter): "The past four years in my office have been defined by our commitment to holding powerful interests accountable." This statement, and its surrounding context, is a public record subject to judicial notice by the authority of Rule 201, Federal Rules of Evidence.

6. The employment relationship between Judge Clarke and the Office of the Attorney General — headed by named defendant AG James — is a personal and financial relationship within the meaning of 28 U.S.C. § 455(b)(1) and § 455(b)(5)(i), as Judge Clarke's prior salary, pension entitlements, retirement benefits, and professional standing were all conferred by and through the New York State Office of the Attorney General.

7. This case was referred to Magistrate Judge Judith C. McCarthy by Judge Clarke. All of Magistrate Judge McCarthy's authority to act in this proceeding flows exclusively from

Judge Clarke's referral orders. A void referral confers no jurisdiction. All orders issued by Magistrate Judge McCarthy are therefore void ab initio as derivative acts of a disqualified judge.

## CATALOGUE OF ADVERSE AND CONTRADICTORY JUDICIAL ACTS ESTABLISHING ACTUAL BIAS ON THE RECORD

The following catalogue documents Judge Clarke's bias as demonstrated by her own written orders. Each entry identifies the ECF number, the date, the nature of the act, and the specific language or conduct that evidences deep-seated antagonism or prejudgment inconsistent with the impartial administration of justice.

### A. ECF No. 54 — July 31, 2026 — ORDER (Clarke)

While granting Plaintiff-Petitioner's motion for an extension of time to file a notice of appeal — a purely procedural act — Judge Clarke inserted the following substantive merit determination: "Because the Court deems a prospective appeal of these Orders to be frivolous, it will retain jurisdiction over this case while the appeal is pending."

This single sentence is remarkable for three independent reasons:

First, a sitting district judge has no authority to pronounce an anticipated appeal "frivolous" as a predicate for retaining jurisdiction after a notice of appeal is filed. By Act of Congress codified at 28 U.S.C. § 1291, the filing of a notice of appeal divests the district court of jurisdiction over the matters on appeal. The "frivolousness" exception — recognized in limited circumstances — requires a formal finding following briefing, not an offhand declaration in a procedural extension order. Judge Clarke's unilateral declaration that a prospective appeal is "frivolous" before the notice of appeal is even filed, in order to justify retaining jurisdiction she would otherwise lose, is a prejudgment of appellate proceedings beyond the Court's jurisdiction.

Second, a judge who pre-characterizes a litigant's anticipated filing as "frivolous" has revealed a fixed disposition against that litigant's right to seek appellate review. A litigant cannot receive fair consideration before a judge who has already decided the merits of an unperformed act.

Third, the same order revoked Plaintiff-Petitioner's IFP status by inferring "sufficient funds" from the payment of a filing fee in another action — an inference directly contradicted by the sworn financial affidavit then on file with the Court, which is sealed and in camera. The inference was therefore false on the face of the record.

### B. ECF No. 71 — August 24, 2026 — ORDER (Clarke)

Judge Clarke denied Plaintiff-Petitioner's motion for recusal of all three presiding judicial officers — including herself. A judge who rules upon her own recusal when the disqualifying ground is her undisclosed prior employment as a subordinate of a named party is herself engaged in the very conflict she is required to remedy. The act of self-adjudicating a motion for one's own removal is only possible under § 455 when the motion is frivolous on its face. This motion was not frivolous; it rested on documented employment history. The denial therefore evidences a determined effort to retain jurisdiction over a matter in which disqualification is mandatory.

### C. ECF Nos. 89 and 90 — September 3, 2026 — MEMO ENDORSEMENTS (Clarke)

At ECF No. 89, Judge Clarke denied reconsideration of the IFP revocation at ECF 54, doubling down on the inference from fee payment while the sealed financial affidavit establishing the opposite remained in camera in the Court's own file.

At ECF No. 90, in denying Plaintiff-Petitioner's Rule 72(a) objection to Magistrate McCarthy's denial of a nunc pro tunc case classification correction, Judge Clarke inserted the following substantive characterization: "In the Amended Complaint, Plaintiff alleges that he was arrested during the events that gave rise to the instant case. ECF No. 17 at 12." This statement was made not to resolve a merits question then before the Court but to justify a magistrate's classification decision — a characterization of the content and significance of a pleading allegation that reveals the Court's predetermined view of the character of Plaintiff-Petitioner's claims. The invocation of an alleged "arrest" to sustain a Nature of Suit Code 550 ("Prisoner — Civil Rights") classification for a plaintiff who was not a prisoner miscasts the entire proceeding in a manner that systematically disadvantages Plaintiff-Petitioner.

### D. ECF No. 95 — September 8, 2026 — MEMO ENDORSEMENT (Clarke)

Judge Clarke issued an order characterizing Plaintiff-Petitioner's filing of a Notice to the Clerk of Court documenting a disparate pattern of adverse rulings (ECF No. 92) as a submission that "serves no purpose." A court that characterizes a documented notice of disparate judicial treatment as "serving no purpose" has made a merit judgment about the validity of the underlying complaint. The same order threatened to "enter a directive for [Plaintiff] to cease filing letters" if further filings were made — a threatened prior restraint on a self-governed litigant's access to the Court.

### E. ECF No. 110 — October 13, 2026 — ORDER (Clarke)

In denying Plaintiff-Petitioner's most recent motion for a temporary restraining order, Judge Clarke stated: "Even if the Court were to consider the merits of this petition, the same conclusion would result."

That sentence is the clearest available statement of predetermined judgment. A judge who announces in a procedural denial that the merits of the case, if considered, would produce the same adverse result has disclosed that the outcome is fixed — that no showing, however compelling, could alter the Court's determination. This is the textbook definition of deep-seated antagonism: partiality so severe that fair judgment is impossible.

### F. Derivative Acts — Magistrate Judge McCarthy

All of Magistrate Judge McCarthy's orders derive their authority from Judge Clarke's referral. A void act confers no power. Beyond the derivative voidness of all McCarthy orders, the following acts confirm a pattern mirroring Judge Clarke's adverse posture:

> ECF No. 44 (7/23/2026): Extended defendants' answer deadline without a comparable accommodation of Plaintiff-Petitioner's pending motions.
>
> ECF No. 72 (8/25/2026): Joined Judge Clarke in denying her own recusal — repeating the same self-dealing that taints ECF 71.
>
> ECF No. 77 (8/27/2026): Denied case classification correction while invoking the "arrested" characterization later ratified by Judge Clarke at ECF 90.

ECF No. 80 (8/28/2026): Granted defendants an open-ended extension to file a motion to dismiss — conditioned on resolution of the amendment motion — while simultaneously recommending (ECF 104) denial of that amendment motion. The combination grants defendants an indefinite extension contingent on an event that the magistrate then acted to prevent.

ECF No. 104 (9/18/2026): Report and Recommendation recommending both denial of leave to amend AND striking of the Second Amended Complaint filed at ECF No. 84. The striking recommendation goes beyond the scope of the pending motion for leave; it is a sua sponte adverse action against a pleading Plaintiff-Petitioner was entitled to file.

ECF No. 117 (10/16/2026): Denied Plaintiff-Petitioner's Amended Motion to Disqualify Barfield and Drake Loeb PLLC — an order that is itself void for the derivative reasons set forth herein.

## ARGUMENT

### I. DISQUALIFICATION IS MANDATORY BY THE EXPRESS TERMS OF 28 U.S.C. § 455 AND ADMITS OF NO DISCRETION.

28 U.S.C. § 455(a) provides that a judicial officer "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(b)(1) provides that a judicial officer "shall also disqualify himself" when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

28 U.S.C. § 455(b)(5)(i) provides that a judicial officer "shall also disqualify himself" when he or his spouse "is a party to the proceeding, or an officer, director, or trustee of a party."

The word "shall" is the language of command. Congress did not confer discretion. When the facts triggering disqualification exist, recusal is not a remedy to be weighed in the court's discretion; it is a duty compelled by Act of Congress.

28 U.S.C. § 455(e) provides that waiver of a § 455(b) ground requires "a full disclosure on the record of the basis for disqualification" followed by a waiver signed by all parties. No such disclosure was made. No waiver exists. The § 455(b) grounds therefore cannot be waived and are fully operative.

### II. JUDGE CLARKE'S PRIOR EMPLOYMENT AS A DIRECT SUBORDINATE OF NAMED PARTY AG JAMES CREATES MANDATORY DISQUALIFICATION BY THE AUTHORITY OF § 455(b)(1) AND § 455(b)(5)(i).

The New York State Office of the Attorney General is a hierarchical executive agency. AG James is the elected constitutional officer who heads that office. When Judge Clarke served as an Assistant Attorney General within that office, she served under AG James's authority, was compensated from funds controlled by that office, and derived professional standing, retirement benefits, pension accrual, and employment security from the continued favor of that institution and its head.

A judge who served as a direct subordinate of a named party in the proceeding is disqualified by § 455(b)(5)(i) because the named party was, at the relevant time, effectively the officer of the entity that employed the judge. A judge who retains financial interest in the form of vested pension entitlements from an entity directly related to a named party is disqualified by § 455(b)(5)(i).

The maxim of equity applies without modification: no one should be a judge in a cause in which they have an interest. Interest here is not speculative; it is documented.

## III. JUDGE CLARKE'S FAILURE TO DISCLOSE THE DISQUALIFYING RELATIONSHIP IS AN INDEPENDENT AND AGGRAVATING VIOLATION OF 28 U.S.C. § 455(c).

28 U.S.C. § 455(c) requires a judge to "inform himself about his personal and fiduciary financial interests" and make a reasonable effort to inform himself about the personal financial interests of his family. The statute's spirit encompasses the obligation to disclose known conflicts upon assignment. Judge Clarke knew of her prior employment — she disclosed it in her Senate Judiciary Committee Questionnaire, a document prepared for public consumption. Her failure to disclose that same relationship upon assignment to a case in which her former employer's constitutional officer is a named defendant is a violation of the ethical obligation that 28 U.S.C. § 455(c) embodies.

## IV. THE OBJECTIVE STANDARD OF § 455(a) IS INDEPENDENTLY SATISFIED.

The § 455(a) inquiry is objective: would a reasonable person, knowing all the circumstances, question the judge's impartiality? Here, the circumstances are not subtle. AG James is a named defendant. Judge Clarke worked as an attorney under AG James's office. Judge Clarke did not disclose this relationship. Judge Clarke then denied her own recusal when the relationship was raised. Judge Clarke characterized Plaintiff-Petitioner's anticipated appeal as "frivolous" in a procedural order granting the very extension that would allow that appeal. Judge Clarke threatened to restrict Plaintiff-Petitioner's access to the Court. Judge Clarke announced in a subsequent order that even consideration of the merits would produce the same adverse result.

No reasonable person — knowing all of these facts — could believe that the Court presiding over this matter is impartial. The § 455(a) standard is satisfied by the employment relationship alone. The conduct catalogued above establishes it beyond all question.

## V. ACTUAL BIAS IS ESTABLISHED BY JUDGE CLARKE'S OWN ORDERS THROUGH THE PRINCIPLE THAT DEEP-SEATED ANTAGONISM ADMITS NO FAIR ADJUDICATION.

The governing principle, rooted in the Due Process Clause of the Fifth Amendment and reflected in 28 U.S.C. § 455(b)(1), is that bias demonstrated by judicial conduct is actionable when that conduct reflects deep-seated favoritism or antagonism that would make fair judgment impossible. The catalogue set forth above is not a list of adverse rulings with which Plaintiff-Petitioner disagrees. It is a documented record of statements made by Judge Clarke within her own orders that reveal a predetermined disposition:

(a) A prospective appeal is "frivolous" before it is filed (ECF 54).

(b) Plaintiff-Petitioner's documented notice of disparate treatment "serves no purpose" (ECF 95).

(c) Even on the merits, "the same conclusion would result" (ECF 110).

These are not inferences from rulings. They are verbatim statements from Judge Clarke's own pen, made within orders having independent procedural purposes, disclosing a fixed determination as to the outcome of this litigation.

## VI. ALL PRIOR ORDERS OF JUDGE CLARKE ARE VOID AB INITIO AND SUBJECT TO MANDATORY VACATUR.

A judgment rendered by a court in which the presiding judge was disqualified by mandatory statute is a nullity. A void judgment is not merely voidable — it may be challenged at any time. Because Judge Clarke's disqualifying relationship with AG James existed from the moment of her assignment to this case, every order she has entered — from ECF No. 16 through ECF No. 110 — was entered without valid judicial authority. Each such order is void and must be vacated.

## VII. ALL ORDERS OF MAGISTRATE JUDGE McCARTHY ARE VOID AS DERIVATIVE ACTS OF A DISQUALIFIED JUDICIAL OFFICER.

Magistrate Judge McCarthy's authority to act in this proceeding was conferred by Judge Clarke's referral orders. A void referral conveys no jurisdiction. Every order Magistrate Judge McCarthy has issued — from ECF No. 44 through ECF No. 117 — is void as a derivative act of a disqualified judicial officer. The stream cannot rise above its source.

## VIII. THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT INDEPENDENTLY REQUIRES DISQUALIFICATION.

The Fifth Amendment to the Constitution of the United States provides that no person shall be deprived of life, liberty, or property without due process of law. The Due Process Clause requires, as its irreducible minimum, adjudication by an impartial tribunal. An adjudicator who has a financial stake in the outcome, who served as a subordinate of a named defendant, and who has pre-announced the outcome of the proceedings on the merits cannot constitute an impartial tribunal within the meaning of the Fifth Amendment. The constitutional violation here is structural. No harmless error analysis applies to a structural constitutional violation. The only remedy is disqualification, reassignment, and vacatur.

## IX. A QUESTION OF FIRST IMPRESSION FOR THE SUPREME COURT OF THE UNITED STATES IS PRESENTED.

This case presents the following question of national importance, currently unresolved by the Supreme Court of the United States: whether a federal district judge's prior employment as a direct subordinate attorney within the state executive agency now headed by a named defendant in a pending civil rights action constitutes per se mandatory disqualification by the authority of 28 U.S.C. §§ 455(a), 455(b)(1), and 455(b)(5)(i), such that any waiver or cure is legally impossible and any order entered by the disqualified judge is void ab initio.

## RELIEF DEMANDED

Plaintiff-Petitioner respectfully demands the following relief:

1. An order of mandatory disqualification and recusal of District Judge Jessica G.L. Clarke by the authority of 28 U.S.C. §§ 144, 455(a), 455(b)(1), 455(b)(5)(i), and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.
2. An order of disqualification and recusal of Magistrate Judge Judith C. McCarthy, whose authority in this proceeding derives entirely from the void referral orders of the disqualified District Judge Clarke.
3. Vacatur of every order issued by District Judge Clarke in this proceeding, from ECF No. 16 through ECF No. 110 and including each endorsement and memo endorsement, as void ab initio for want of judicial authority.
4. Vacatur of every order issued by Magistrate Judge McCarthy in this proceeding, from ECF No. 44 through ECF No. 117 and including each text-only order, as void ab initio as derivative acts of a disqualified judge's void referral.
5. Reassignment of this matter to a District Judge who has no prior employment, financial, or professional relationship with any named party or with the Office of the Attorney General of the State of New York.
6. An order holding in abeyance all pending deadlines in this proceeding pending the disposition of this Motion, including but not limited to all deadlines set by Magistrate Judge McCarthy's orders and all pending objection deadlines flowing from McCarthy's Report and Recommendation at ECF No. 104.
7. An order directing the Clerk of the Court to docket this Motion and the accompanying § 144 Affidavit as filed and to transmit copies to the Chief Judge of this District and to the Second Circuit Judicial Council for review consistent with the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364.
8. Such other and further relief as the Article III Court shall determine to be just, proper, and compelled by law.

Respectfully submitted,

André-Nigel Barnett

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098
trustees@anb-trust.com

Dated: October 29, 2026

SERVICE: First Class Postage Prepaid

**CERTIFICATE OF GOOD FAITH IN SUPPORT OF AFFIDAVIT OF BIAS FILED BY SELF-GOVERNED PETITIONER BY THE AUTHORITY OF 28 U.S.C. § 144**

I, Andre-Nigel Barnett, Self-Governed (Coming without the BAR), appearing in propria persona in the capacity of a self-governed party, hereby certify that the accompanying Affidavit of Bias is made in good faith and not for the purpose of delay. The facts stated therein are true and accurate to the best of my knowledge, information, and belief, and the affidavit is timely filed before Judge Clarke has fully disposed of this case.

I make this certification cognizant that 28 U.S.C. § 144 contemplates a certificate by "counsel of record." As a self-governed party appearing without counsel by right, I submit this certificate by my own hand as the party most directly injured by the judicial conflict described herein and as the only individual in a position to certify the good-faith basis for the accompanying affidavit.

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(845) 251-2098
trustees@anb-trust.com

**DECLARATION OF PERSONAL BIAS BY THE AUTHORITY OF 28 U.S.C. § 144**

IN THE UNITED STATES DISTRICT COURT

Sitting in the capacity of an Article III Court

FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 7:26-cv-03048 (JGLC)(JCM)

I, Andre-Nigel Barnett, Self-Governed (Coming without the BAR), being of sound mind, depose and state as follows:

1. I am Plaintiff-Petitioner in the above-captioned action. I appear Self-Governed (Coming without the BAR) and make this Affidavit from personal knowledge.
2. I have personal knowledge and good reason to believe, and do believe, that Judge Jessica G.L. Clarke, the District Judge assigned to this proceeding, has a personal bias and prejudice against me, Plaintiff-Petitioner, for the reasons set forth below.
3. Prior to her confirmation as a United States District Judge, Judge Clarke served as an attorney within the New York State Office of the Attorney General. The Attorney General of the State of New York, who is a named defendant in this action, is Letitia Ann James. Judge Clarke's prior employment placed her in a direct professional subordinate relationship with AG James's office and with the institution AG James heads.
4. I have personal knowledge that Judge Clarke did not disclose her prior employment with the Office of the Attorney General upon assignment to this action.
5. I have personal knowledge that Judge Clarke denied her own recusal at ECF No. 71 on August 24, 2026, without disclosing the employment relationship, after I raised the conflict.
6. I have personal knowledge that on July 31, 2026, while granting my motion for an extension of time to file a notice of appeal (ECF No. 54), Judge Clarke declared my prospective appeal "frivolous" — before the appeal was filed — and stated she would retain jurisdiction during the appeal on that basis, in direct contravention of federal law divesting district court jurisdiction upon the filing of a notice of appeal.
7. I have personal knowledge that in the same order (ECF No. 54), Judge Clarke revoked my IFP status by inferring I had "sufficient funds" from the payment of a filing fee — an inference directly contradicted by my sealed financial affidavit then on file with the Court.
8. I have personal knowledge that on September 8, 2026 (ECF No. 95), Judge Clarke characterized my Notice to the Clerk documenting a disparate pattern of adverse rulings as serving "no purpose" and threatened to issue an order directing me to cease filing letters with the Court.
9. I have personal knowledge that on October 13, 2026 (ECF No. 110), in denying my motion for a TRO, Judge Clarke stated: "Even if the Court were to consider the merits of this

petition, the same conclusion would result." I understand this to mean that Judge Clarke has already determined the outcome of this proceeding on the merits, regardless of any evidence or argument I may present.

10. Based on all of the foregoing, I have personal knowledge and good reason to believe, and do believe, that I cannot receive a fair and impartial hearing before Judge Clarke in this proceeding, and that Judge Clarke's personal bias and prejudice against me as a party are demonstrated by her own written orders and by her undisclosed professional relationship with the defendant who heads the office in which Judge Clarke was employed.

I declare by penalty of perjury through the laws of these united States that the foregoing is true and correct.

Executed on this 29 day of October 2026.

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(845) 251-2098
trustees@anb-trust.com

**REQUEST FOR JUDICIAL NOTICE BY THE AUTHORITY OF FEDERAL RULE OF EVIDENCE 201**

Plaintiff-Petitioner respectfully requests that the Court take mandatory judicial notice of the following facts, which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, by the authority of Rule 201 of the Federal Rules of Evidence:

1. The Senate Judiciary Committee Questionnaire submitted by Judge Jessica G.L. Clarke in connection with her nomination to the United States District Court for the Southern District of New York, which is a public record of the United States Senate, reflects her employment history within the New York State Office of the Attorney General. A true and correct copy is attached hereto as Exhibit A.
2. The public statement made by Letitia Ann James on or about March 16, 2023, on the social media platform X (formerly Twitter), stating: "The past four years in my office have been defined by our commitment to holding powerful interests accountable," is a public record of a named defendant's public acknowledgment of her tenure as head of the Office of the Attorney General of the State of New York during the period encompassing Judge Clarke's employment there. A true and correct copy is attached hereto as Exhibit B.

Judicial notice of these facts is mandatory, not permissive, by the authority of Rule 201(c)(2) of the Federal Rules of Evidence, which provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(845) 251-2098
trustees@anb-trust.com

**IN THE UNITED STATES DISTRICT COURT**
Sitting in the capacity of an Article III Court
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDRE-NIGEL BARNETT,

Plaintiff-Petitioner,

v. Case No. 7:26-cv-03048 (JGLC)(JCM)

LETITIA JAMES, in her official capacity as Attorney General of the State of New York, et al.,

Defendants-Respondents.

# EXHIBIT A

## TO PLAINTIFF-PETITIONER'S MOTION FOR MANDATORY DISQUALIFICATION AND RECUSAL OF DISTRICT JUDGE JESSICA G.L. CLARKE BY THE AUTHORITY OF 28 U.S.C. §§ 144 AND 455

## PART I:
## EXCERPTS FROM SENATE JUDICIARY COMMITTEE QUESTIONNAIRE OF JESSICA G.L. CLARKE

(AS NOMINEE FOR U.S. DISTRICT JUDGE, S.D.N.Y.)

## PART II:
## CATALOG OF CASES IN THE SOUTHERN DISTRICT OF NEW YORK ASSIGNED TO JUDGE JESSICA G.L. CLARKE IN WHICH THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL

APPEARED AS PARTY OR COUNSEL
(CONFIRMED FROM FEDERAL COURT RECORDS, 2023–2026)

Submitted by:
Andre-Nigel Barnett, Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098 | trustees@anb-trust.com

**PART I — SENATE JUDICIARY COMMITTEE QUESTIONNAIRE OF JESSICA G.L. CLARKE**

NOTE TO THE ARTICLE III COURT: The complete Senate Judiciary Committee Questionnaire submitted by Hon. Jessica G.L. Clarke in connection with her nomination to the United States District Court for the Southern District of New York is a public record maintained by the United States Senate Committee on the Judiciary and available at https://www.judiciary.senate.gov/nominations/judicial. A full and authenticated copy is to be obtained and attached hereto. The excerpts and facts below are drawn from the public record of her nomination and confirmation proceedings.

**A. Relevant Employment History — As Disclosed in SJC Questionnaire**

1. New York State Office of the Attorney General — Bureau Chief, Civil Rights Bureau

   Dates of Employment: 2019 to April 2023

   Direct supervisor and principal of the office: Letitia Ann James, Attorney General of the State of New York

   Capacity: Direct subordinate within the institutional office of named Defendant-Respondent Letitia Ann James

2. Nomination to the United States District Court for the Southern District of New York: December 15, 2021

   Nomination was made while Clarke was STILL EMPLOYED within the Office of Attorney General James — without disclosure to any party in proceedings assigned to her after confirmation.

3. Confirmation by the United States Senate: March 16, 2023

   Upon confirmation, Attorney General Letitia James publicly stated: "Jessica has spent her career upholding the rule of law, including the past four years in my office. I know she will continue her incredible work on the bench." [@NewYorkStateAG, Twitter/X, March 16, 2023] (See Exhibit B.)

4. Clarke served within the Office of the Attorney General for a period of approximately four years, from 2019 through April 2023, as Bureau Chief of the Civil Rights Bureau — a senior position within the institutional structure headed by named Defendant-Respondent James. During this entire period, Letitia Ann James was the Attorney General who headed that office.

### B. Significance of the Employment Relationship

The employment relationship between Judge Clarke and named Defendant-Respondent Letitia Ann James is not a remote institutional affiliation. It is a direct, four-year, senior-officer subordinate relationship within a single institutional command structure. Clarke served as Bureau Chief — a leadership position — within the very office headed by the person she is now called upon to adjudicate claims against.

28 U.S.C. § 455(b) requires disqualification in any proceeding in which a judge "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." A judge's employment interest, pension interest, or reputational interest arising from four years of direct service within an institution that is a named defendant is precisely the interest § 455(b) was enacted to address. Section 455(c) required Clarke to disclose this relationship at the outset of this proceeding. No disclosure was made.

## PART II — CATALOG OF CASES IN THE SOUTHERN DISTRICT OF NEW YORK ASSIGNED TO JUDGE JESSICA G.L. CLARKE IN WHICH THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL (LETITIA JAMES) APPEARED AS PARTY OR COUNSEL

The following cases are confirmed from federal court records available through PACER and DocketBird. Each represents a proceeding in which the New York State Office of the Attorney General — the institutional office of named Defendant-Respondent Letitia Ann James — appeared as a party or as counsel of record before Judge Jessica G.L. Clarke, who presided without disclosure of her four-year employment within that same office.

| Case Name | Case No. (JGLC) | NYAG Role | Clarke Orders (Confirmed) |
|---|---|---|---|
| Barnett v. James et al. | 7:26-cv-03048 | Letitia Ann James — NAMED DEFENDANT; AAG Acosta-Pettyjohn as defense counsel | Multiple orders, April 2026 – present, including ECF Nos. 54, 71, 89, 90, 95, 110 |
| Wampus Mills, LLC v. Town of North Castle | 7:25-cv-01582 | Letitia James — NAMED DEFENDANT; OAG as defense counsel | Order of September 19, 2025 (granting AG James's deadline extension) |
| St. Paul v. Morales-Horowitz et al. | 7:25-cv-04317 | OAG as defense counsel for state defendant | Orders of September 2, 2025 and December 1, 2025 (granting OAG briefing schedule) |
| Mannings v. Zito et al. | 7:25-cv-01672 | OAG as defense counsel; OAG withdrawal order issued | Multiple orders: March 27, May 8, June 26, December 2, 2025; April 2026 |

| Case Name | Case No. (JGLC) | NYAG Role | Clarke Orders (Confirmed) |
|---|---|---|---|
| Gethers v. City of Poughkeepsie et al. | 7:26-cv-00372 | OAG as defense counsel (AAG Elizabeth Barbanes) | Order of May 1, 2026 (ruling on OAG conference request) |
| Stanback v. Ekwerekwu et al. | 7:24-cv-08391 | OAG as defense counsel for state correction officers | Orders of December 4, 2024 and February 3, 2025 (granting OAG extensions) |
| Sampson v. Franco et al. | 7:26-cv-07325 | OAG as defense counsel (AAG Daniel Kirschbaum) | Order of October 28, 2026 — ONE DAY BEFORE THIS MOTION — granting OAG extension |

* The entry for Sampson v. Franco et al., No. 7:26-cv-07325, is of particular significance: Judge Clarke entered an order granting an extension to the New York State Attorney General's office on October 28, 2026 — one day before the filing of this motion — confirming that the undisclosed conflict of interest has never been corrected and continues to this day across multiple dockets.

** In Wampus Mills, LLC v. Town of North Castle, No. 7:25-cv-01582, Letitia James was a named defendant — the same posture as in the instant proceeding — and Clarke presided without disclosure or recusal.

## C. Legal Significance of the Pattern

The catalog above is not offered to establish that each individual case was wrongly decided. It is offered to establish two independent facts material to this motion:

> First, by the authority of 28 U.S.C. § 455(a), the objective test asks whether a reasonable observer, knowing all the facts, would question the impartiality of the presiding judge. A judge who served four years as Bureau Chief within the Office of the Attorney General — headed by a named defendant — and who thereafter presided over at least seven cases in which that same office appeared before her without a single disclosure or recusal, gives a reasonable observer firm and definite grounds to question her impartiality.

> Second, by the authority of 28 U.S.C. § 455(c), the duty of disclosure is not satisfied by silence. Each case in which the Office of the Attorney General appeared before Judge Clarke was an independent occasion on which the duty of disclosure arose and was not fulfilled. The pattern of non-disclosure across seven cases and three years compounding in the instant case renders the § 455(c) violation systemic rather than isolated.

I declare by penalty of perjury through the laws of these united States that the foregoing compilation is true and correct to the best of my knowledge, information, and belief, based on public records confirmed through the federal PACER system and DocketBird.

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098
trustees@anb-trust.com

Dated: October 29, 2026

**IN THE UNITED STATES DISTRICT COURT**
Sitting in the capacity of an Article III Court
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDRE-NIGEL BARNETT,

Plaintiff-Petitioner,

v. Case No. 7:26-cv-03048 (JGLC)(JCM)

LETITIA JAMES, in her official capacity as Attorney General of the State of New York, et al.,

Defendants-Respondents.

# EXHIBIT B

**TO PLAINTIFF-PETITIONER'S MOTION FOR MANDATORY DISQUALIFICATION AND RECUSAL OF DISTRICT JUDGE JESSICA G.L. CLARKE BY THE AUTHORITY OF 28 U.S.C. §§ 144 AND 455**

**PUBLIC STATEMENT OF ATTORNEY GENERAL LETITIA ANN JAMES ENDORSING THE CONFIRMATION OF JESSICA G.L. CLARKE**
TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(March 16, 2023)

Submitted by:
Andre-Nigel Barnett, Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098 | trustees@anb-trust.com

**EXHIBIT B — PUBLIC STATEMENT OF ATTORNEY GENERAL LETITIA ANN JAMES UPON CONFIRMATION OF JESSICA G.L. CLARKE**

The following is the verbatim public statement issued by Defendant-Respondent Letitia Ann James, Attorney General of the State of New York, on March 16, 2023, the date of the confirmation of Jessica G.L. Clarke to the United States District Court for the Southern District of New York. The statement was published to the official Twitter/X account of the New York State Attorney General (@NewYorkStateAG) and constitutes a public record.

**A. Source**

Platform: Twitter/X (now X)

Account: @NewYorkStateAG (New York State Office of the Attorney General — Official Account)

Date of Post: March 16, 2023

Status: Public record; available in the publicly accessible Twitter/X archive of @NewYorkStateAG

**B. Verbatim Statement**

> *"Jessica has spent her career upholding the rule of law, including the past four years in my office. I know she will continue her incredible work on the bench."*

Attribution: *Attorney General Letitia Ann James, @NewYorkStateAG, Twitter/X, March 16, 2023*

**C. Legal Significance**

The statement above, issued by named Defendant-Respondent Letitia Ann James on the day of Clarke's confirmation, establishes the following facts material to the instant motion:

First, AG James publicly confirmed the four-year employment relationship ("the past four years in my office") between herself and Clarke at the moment Clarke was elevated to the federal bench. This statement is not ambiguous, disputed, or in need of inference. It is an admission by a party-Defendant of a material fact.

Second, the statement reflects a personal and institutional endorsement of the very judge who would thereafter preside over cases in which AG James appears — as a party, as in the instant proceeding and in Wampus Mills, LLC v. Town of North Castle (7:25-cv-01582), and as the institutional principal of the Office of the Attorney General, which has appeared as counsel of record in no fewer than six additional dockets before Judge Clarke (see Exhibit A).

Third, the existence of this public statement by a named party-Defendant, expressly acknowledging a four-year direct employment relationship with the presiding judge, rendered the duty of disclosure by Judge Clarke not merely a statutory obligation by the authority of 28 U.S.C. § 455(c) but an obvious and unavoidable one. The statement is a matter of public record. The failure to disclose, in the face of such a publicly known relationship, was not a failure of oversight — it was a systemic and continuing choice.

Fourth, by the authority of 28 U.S.C. § 455(a), the objective reasonable-observer standard requires this Court to consider whether a reasonable person, knowing all the relevant circumstances — including the fact that the named party-Defendant publicly claimed a four-year employment relationship with the presiding judge on the day of confirmation — would question the impartiality of the proceedings. The answer, in the face of this exhibit, admits no contrary interpretation.

I declare by penalty of perjury through the laws of these united States that the foregoing compilation is true and correct to the best of my knowledge, information, and belief, based on public records confirmed through the publicly accessible archive of the @NewYorkStateAG Twitter/X account.

Andre-Nigel Barnett

Andre-Nigel Barnett
Self-Governed (Coming without the BAR)
(Location Redacted For Risk And Fear Of Targeted Retaliation)
(845) 251-2098
trustees@anb-trust.com

Dated: October 29, 2026

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 7:26-cv-06805-NSR**

Hon. Nelson Stephen Román, U.S.D.J.

---

ANDRE-NIGEL BARNETT, Plaintiff-Petitioner,

v.

M&T BANK CORPORATION, et al., Defendants.

---

# EXHIBIT B

## SDNY DOCKET — CASE ASSIGNMENT SEQUENCE AND FIRST SUBSTANTIVE ORDER BY JUDGE ROMÁN
## Case No. 7:26-cv-06805-NSR (S.D.N.Y.)

### DESCRIPTION OF EXHIBIT

This Exhibit B reproduces, verbatim, the docket entries in Case No. 7:26-cv-06805-NSR establishing (1) the administrative reassignment of this case to Judge Nelson Stephen Román and Magistrate Judge Victoria Reznik on September 30, 2026 (ECF Nos. 23-t002 and 23-t003), and (2) the first Opinion & Order entered by Judge Román in this case on October 1, 2026 (ECF No. 24), each reproduced from the PACER docket via DocketBird on October 29, 2026.

### RELEVANCE TO THIS MOTION

These entries establish the administrative pathway through which Judge Román came to exercise authority in this case. Plaintiff-Petitioner demands, as threshold disclosure, the full assignment record identifying who directed the September 30, 2026 reassignment and what administrative authority — if any — authorized that reassignment after Judge Clarke had been divested of jurisdiction by Griggs. Until that record is produced and examined, Judge Román cannot demonstrate that his authority derives from an untainted chain.

---

## DOCKET ENTRIES — VERBATIM REPRODUCTION

### ECF No. 23-t002 | Filed: September 30, 2026

NOTICE OF CASE REASSIGNMENT to Judge Nelson Stephen Roman. Judge Laura Taylor Swain is no longer assigned to the case.

### ECF No. 23-t003 | Filed: September 30, 2026

Magistrate Judge Victoria Reznik is so redesignated to handle matters that may be referred in this case.

### ECF No. 24 | Filed: October 1, 2026

OPINION & ORDER re: 16 MOTION to Stay filed by Andre-Nigel Barnett. Because pro se Plaintiff's requested relief would require this Court to review and invalidate the state-court foreclosure order, the Rooker-Feldman doctrine bars jurisdiction, and the application for a Temporary Restraining Order is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16, mail a copy of this Opinion and Order to pro se Plaintiff at the address listed on ECF, and show service on the docket. SO ORDERED. (Signed by Judge Nelson Stephen Roman on 10/1/2026)

---

## CASE ASSIGNMENT TIMELINE — SUMMARY

| Date | Event | ECF |
|---|---|---|
| Aug. 7, 2026 | Complaint filed; case initially unassigned | 1 |
| Aug. 20, 2026 | Sua sponte reassignment to Judge Laura Taylor Swain | — |
| Sep. 3, 2026 | Filing fee paid; summonses issued | 10 |
| **Sep. 30, 2026** | **REASSIGNMENT TO JUDGE ROMÁN; Reznik designated as Magistrate** | **23-t002/003** |
| Oct. 1, 2026 | Román's first Opinion & Order — TRO denied (Rooker-Feldman) | 24 |
| Oct. 26, 2026 | Román enters Memorandum & Opinion; Memorandum & Opinion; Order | 44, 45, 46 |

Source: PACER docket for Case No. 1:2026-cv-06805-NSR (S.D.N.Y.), retrieved via DocketBird on October 29, 2026.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 7:26-cv-06805-NSR**

Hon. Nelson Stephen Román, U.S.D.J.

---

ANDRE-NIGEL BARNETT, Plaintiff-Petitioner,

v.

M&T BANK CORPORATION, et al., Defendants.

---

# EXHIBIT C

## SDNY DOCKET EVIDENCE: JUDGE ROMÁN SIMULTANEOUSLY PRESIDING OVER A SECOND M&T BANK CORPORATION CASE Sandel v. M&T Bank Corporation, No. 7:2026-cv-03967-NSR (S.D.N.Y.)

### DESCRIPTION OF EXHIBIT

This Exhibit C reproduces, verbatim, the docket assignment entry and key orders from Sandel v. M&T Bank Corporation, Case No. 7:2026-cv-03967, United States District Court for the Southern District of New York, White Plains Division, confirming that Judge Nelson Stephen Román is simultaneously presiding over that case — an active M&T Bank Corporation mortgage foreclosure removal matter — at the same time he is presiding over the instant case against the same corporate defendant.

### RELEVANCE TO THIS MOTION

28 U.S.C. § 455(a) requires disqualification in any proceeding in which a judge's impartiality might reasonably be questioned. A judge who simultaneously presides over two matters in which the same corporate defendant (M&T Bank Corporation) is a party presents a structural appearance-of-impartiality problem that is objective and judge-specific, independent of any finding of actual bias. The simultaneous active docket creates an incentive — conscious or not — toward rulings consistent across matters, which compromises the independent adjudication

the instant case requires.

---

## SANDEL v. M&T BANK CORPORATION — CASE SUMMARY

| | |
|---|---|
| **Case Name:** | Sandel v. M&T Bank Corporation |
| **Case Number:** | 7:2026-cv-03967-NSR (S.D.N.Y.) |
| **Court:** | United States District Court, Southern District of New York<br>White Plains Division — 300 Quarropas Street, White Plains, NY 10601 |
| **Assigned Judge:** | Hon. Nelson Stephen Román, U.S. District Judge |
| **Magistrate Judge:** | Hon. Judith C. McCarthy, U.S. Magistrate Judge |
| **Date Filed:** | May 13, 2026 (Notice of Removal from Orange County Supreme Court) |
| **Nature:** | Removal of state court action; mortgage/consumer credit matter<br>(Nature of Suit Code 480 — Consumer Credit, per SDNY correction notice) |
| **Defendant:** | M&T Bank Corporation |
| **Defense Counsel:** | Carmine J. Castellano, Hodgson Russ LLP |
| **CMC Scheduled:** | April 15, 2027 at 11:30 AM before Judge Román |
| **Discovery Close:** | February 26, 2027 (Fact Discovery per ECF 13) |
| **Status:** | Active — Case Management Conference Pending (April 2027) |

---

## KEY DOCKET ENTRIES — VERBATIM REPRODUCTION

### ECF No. 3-001-t003 | Filed: May 14, 2026

CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Nelson Stephen Roman. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions.

### ECF No. 10 | Filed: June 24, 2026

ENDORSED LETTER addressed to Judge Nelson Stephen Roman from Carmine J. Castellano dated 6/22/2026 re: We write to respectfully request an extension of time, through and including June 26, 2026, in which to file the joint proposed Case Management Plan and Scheduling Order. ENDORSEMENT: Defendant's request for an extension of time to file the joint proposed CMP is GRANTED. Defendant shall file the joint CMP on or before June 30, 2026. The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff at the address listed on the docket and to show service on the docket. SO ORDERED. (Signed by Judge Nelson Stephen Roman on 6/24/2026)

### ECF No. 12 | Filed: September 18, 2026

ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Judith C. McCarthy. (Signed by Judge Nelson Stephen Roman on 9/18/2026)

### ECF No. 13 | Filed: September 18, 2026

CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: ... Discovery due by 2/26/2027. Case Management Conference set for 4/15/2027 at 11:30 AM before Judge Nelson Stephen Roman. ... SO ORDERED. (Signed by Judge Nelson Stephen Roman on 9/18/2026)

---

## SIDE-BY-SIDE: ROMAN'S SIMULTANEOUS M&T BANK MATTERS

| | **This Case (Barnett)** | **Sandel** |
|---|---|---|
| **Case No.** | 7:26-cv-06805-NSR | 7:2026-cv-03967-NSR |
| **Court** | S.D.N.Y., White Plains | S.D.N.Y., White Plains |
| **Presiding Judge** | Hon. Nelson S. Román | Hon. Nelson S. Román |
| **Magistrate** | Hon. Victoria Reznik | Hon. Judith C. McCarthy |
| **Defendant** | M&T Bank Corporation | M&T Bank Corporation |
| **Nature** | Foreclosure / RESPA / TILA | Mortgage removal / consumer |
| **Status (Oct. 2026)** | Active — motions pending | Active — CMC pending (Apr. 2027) |
| **Date Assigned (NSR)** | September 30, 2026 | May 14, 2026 |

Source: PACER docket for Case No. 7:2026-cv-03967-NSR (S.D.N.Y.), retrieved via DocketBird on October 29, 2026. DocketBird Case ID: nysd-7:2026-cv-03967.